UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BARBARA ARAUJO,

                              Plaintiff,          Civ. No. 17-5624

v.

                                       **COMPLAINT**
                                       **AND JURY DEMAND**

URBAN AMERICAN MANAGEMENT,
a/k/a UA RIVER CROSSING LLC, BETSY
EISENBERG, PHILIP EISENBERG,
and AMANDA VALDES,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Plaintiff, Barbara Araujo ("Plaintiff" or "Ms. Araujo"), by her attorneys, Sedhom Law Group, PLLC, complaining of Defendants Urban American Management a/k/a UA River Crossing LLC ("Defendant" or "Urban American"), Betsy Eisenberg ("Eisenberg"), Philip Eisenberg ("P. Eisenberg") and Amanda Valdes ("Valdes"), (collectively "Defendants") alleges:

## PRELIMINARY STATEMENT

1. Plaintiff Barbara Araujo brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 1981A ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), as amended by the ADA Amendments Act of 2008, the Family and Medical Leave Act, 29 U.S.C. § 2601*, et. seq.*, and the New York City Human Rights Law ("NYCHRL"), as amended by the New York City Pregnant Workers Fairness Act, Administrative Code of the City of New York §§ 8-101 *et seq.*, to remedy Urban American's, Eisenberg's, P. Eisenberg's and Valdes' refusal to accommodate her pregnancy and its retaliatory termination of her employment. Ms. Araujo seeks injunctive and declaratory relief, compensatory and punitive damages, attorneys'

fees, and all other appropriate relief pursuant to federal and local law.

2.      Plaintiff Barbara Araujo also brings this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*, and the New York Labor Law §§ 650, *et. seq.,* ("N.Y. Lab. Law"), for Defendants' misclassification of her employment as an exempt employee, thereby failing to pay her overtime pay for hours worked above 40 hours per week for the entirety of her employment, as required under the Fair Labor Standards Act and the New York Wage and Hour Law.  Additionally, Defendants failed to provide Plaintiff with notices required under state law.

3.      Ms. Araujo, an Urban American employee of more than six and a half years in good standing who acted as an in-house leasing agent for Manhattan buildings owned and managed by Urban American, was fired because complications with her pregnancy necessitated her taking time off before her baby was born.  Plaintiff applied for, and was granted, pregnancy leave and was granted repeated assurances from her employer regarding her employment status.  Despite several communications promising that her employment was intact, Ms. Araujo received an email from Valdes on April 4, 2016 retroactively terminating her effective March 9, 2016.

4.      Ms. Araujo was a non-exempt employee who was misclassified as an exempt employee.  Ms. Araujo, therefore, during the entire tenure of her employment, never received overtime wages for hours worked by her over 40 in a single workweek.

## JURISDICTION AND VENUE

5.      On September 9, 2016, Ms. Araujo filed a timely charge of discrimination with the United States Equal Employment Opportunity Commission, complaining of the unlawful discriminatory acts alleged herein, and obtained from the agency a Notice of Right to Sue, dated May 15, 2017, less than 90 days from the filing of this Complaint.

6.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332 and 1343

and 42 U.S.C. § 2000e-5(f)(3). This Court also has supplemental jurisdiction over Ms. Araujo's State and City law claims pursuant to 28 U.S.C. § 1367.

7. As for Ms. Araujo's FLSA and New York Labor Law claims, this Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. The exercise of supplemental jurisdiction over the state law claim is appropriate under 28 U.S.C. § 1367 because it forms part of the same case or controversy as the federal claim.

8. As Defendants regularly do business within the Southern District of New York, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 2000e-5(f)(3). Additionally, the acts that form the basis of this lawsuit occurred within this jurisdiction.

9. Contemporaneously with instituting this lawsuit, Plaintiff submitted copies of the Complaint to the New York City Commission on Human Rights and Department of Law.

## PARTIES

10. At all times relevant to this action, Barbara Araujo was a resident of the Bronx, New York.

11. Defendant Urban American is property manager in New York and New Jersey with its company headquarters located in West New York, New Jersey, organized under the laws of the state of Delaware, and doing business in New York City.

12. Defendants Betsy Eisenberg and Philip Eisenberg, at all times relevant to this action, resided at 1025 Fifth Avenue, New York, New York. Defendants Betsy Eisenberg and Philip Eisenberg own Urban American.

13. Defendant Amanda Valdes, at all times relevant to this action, resided in the State of New Jersey.

3

14. At all times relevant to this suit, Urban American was Ms. Araujo's employer within the meaning of Title VII and the ADA, 42 U.S.C. § 12111(5)(A), New York City Admin. Code § 8-102(5), the Fair Labor Standards Act (29 U.S.C. § 203), and the New York Labor Law §190.

## **FACTUAL ALLEGATIONS**

15. Ms. Araujo was hired on September 28, 2009 as a leasing agent. In that capacity, Ms. Araujo was responsible for locating tenants for Urban American's Manhattan properties, providing information about the properties to prospective clients; scheduling visits to properties; greeting visitors and showing the properties; processing applications of potential tenants; and leasing the properties under acceptable and predetermined conditions.

16. Throughout the course of her employment with Urban American, Ms. Araujo performed her duties in a professional and dedicated manner.

17. Ms. Araujo worked countless hours into the night on a regular basis, responding to tenant questions and requests for assistance and prospective tenant questions on weekends and evenings. Each and every week, Ms. Araujo worked in excess of 40 hours.

18. Ms. Araujo does not meet the outside salesperson exemption under federal or state law. Ms. Araujo does not meet the administrative exemption under federal or state law.

19. Ms. Araujo's job provided her with no decision-making authority and none of the duties assigned to her by Urban American exempted her from the overtime rules. She had no authority to hire, fire, manage or discipline another employee.

20. Ms. Araujo did not usually work away from her employer's place of business and at the customer's place of business or home, selling tangible or intangible items, she did not spend more than 50% of her time doing these "outside sales" duties and she did not receive commission-based compensation.

21. In order to avoid paying overtime, Urban American misclassified her as non-exempt and avoided paying overtime wages for a period in excess of six years.

22. Ms. Araujo punched in and out of her job from September 28, 2009 through December 31, 2009. Eisenberg informed Ms. Araujo that, because she worked so many hours, she was no longer required to punch in and out effective January 1, 2010.

23. Ms. Araujo worked at least 50 hours per week. During the rental high season between April and October, she worked an average of 60 hours weekly.

24. At no time during her employment did Ms. Araujo receive any of the required notices under the New York Labor Law. She never received a wage notice, wage statement for each pay period, or a sick leave policy, as required by state and city law.

25. Defendants knew that their improper pay practices and failure to adhere to notice requirements would financially injure Plaintiff.

26. On or about December 7, 2015, as a result of her doctor's instruction, Ms. Araujo requested leave attendant with complications from her pregnancy. Urban American granted Ms. Araujo leave but never classified said leave as FMLA leave.

27. Instead, this leave was merely called "disability" or "medical" leave. During the course of that leave, Ms. Araujo corresponded frequently with Eisenberg and Valdes and continued performing those employment obligations that could be done remotely. She also responded to telephone inquiries from tenants and prospective tenants and answered tenant text messages.

28. At no time prior to her termination did Defendants advise Ms. Araujo that she was on FMLA leave or when this purported FMLA leave would expire. Instead, on April 4, 2016, when Ms. Araujo inquired about how to add her daughter to her insurance plan, she was abruptly

5

informed that she was terminated effective March 9, 2016.

29.     On March 13, 2017, the EEOC issued a Determination finding reasonable cause to believe that Urban American violated Title VII when it terminated Plaintiff because of her pregnancy.

30.     Up to and including the date of this lawsuit, Defendants continue to fail to pay her for work performed prior to her leave of absence.

31.     Up to and including the date of this lawsuit, Defendants continue to fail to reimburse Ms. Araujo for expenses incurred on Urban American's behalf prior to her leave.

32.     Up to an including the date of this lawsuit, Defendants failed to pay Ms. Araujo for three (3) weeks of vacation pay earned in 2016.

<u>Fair Labor Standards Act and Wage and Hour Violations</u>

33.     From September 28, 2009 – March 31, 2010, Ms. Araujo worked 50 hours per week but was only paid for 40 hours.

34.     From April 1, 2010 – September 30, 2010, Ms. Araujo worked for 60 hours per week but was only paid for 40 hours.

35.     From October 1, 2010 – March 31, 2011, Ms. Araujo worked 50 hours per week but was only paid for 40 hours.

36.     From April 1, 2011 – September 30, 2011, Ms. Araujo worked for 60 hours per week but was only paid for 40 hours.

37.     From October 1, 2011 – March 31, 2012, Ms. Araujo worked for 50 hours per week but was only paid for 40 hours.

38.     From April 1, 2012 – September 30, 2012, Ms. Araujo worked for 60 hours per week but was only paid for 40 hours.

39. From October 1, 2013 – March 31, 2013, Ms. Araujo worked for 50 hours per week but was only paid for 40 hours.

40. From April 1, 2014 – September 30, 2014, Ms. Araujo worked for 60 hours per week but was only paid for 40 hours.

41. From October 1, 2014 – March 31, 2015, Ms. Araujo worked for 50 hours per week but was only paid for 40 hours.

42. From April 1, 2015 – September 30, 2015, Ms. Araujo worked for 60 hours per week but was only paid for 40 hours.

43. From October 1, 2015 – December 7, 2015, Ms. Araujo worked for 50 hours per week but was only paid for 40 hours.

44. Ms. Araujo received no compensation for work performed December 7, 2015 – December 11, 2015.

45. Failure to properly compensate Ms. Araujo was unlawful and committed willfully and intentionally.

Failed Recordkeeping

46. Urban American failed to provide Ms. Araujo with a wage notice pursuant to the NY Wage Theft Prevention Act.

47. Urban American failed to provide Ms. Araujo with a wage statement each pay period in contravention of the New York Labor Law.

48. Urban American failed to provide Ms. Araujo with a paid sick leave notice, in contravention of the New York City Earned Sick Time Act.

49. Urban American, Eisenberg, P. Eisenberg and Valdes committed the above unlawful acts willfully and intentionally.

## FIRST CAUSE OF ACTION: SEX DISCRIMINATION UNDER TITLE VII
**(Discriminatory Firing Based on Ms. Araujo's Pregnancy)**

50.  Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

51.  The Pregnancy Discrimination Act prohibits discrimination in the terms and conditions of employment and the discharge of an employee based on the employee's pregnancy. 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-(k).

52.  In violation of Title VII, as amended by the Pregnancy Discrimination Act, Defendants discriminated against Plaintiff on the basis of her sex, which includes pregnancy, by terminating her employment because she experienced complications with her pregnancy.

53.  In taking the above described discriminatory actions, Defendants acted with malice and reckless indifference to Plaintiff's rights under Title VII and the Pregnancy Discrimination Act.

54.  Ms. Araujo has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

55.  Ms. Araujo is entitled to damages as a result of Defendants' unlawful acts, including past and future lost wages and benefits, damages to compensate her for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

## SECOND CAUSE OF ACTION: PREGNANCY DISCRIMINATION UNDER NYC LAW
**(Discriminatory Firing Based Upon Ms. Araujo's Pregnancy)**

56.  Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

8

57. The New York City Human Rights Law, as amended by the New York City Pregnant Workers Fairness Act, N.Y.C. Admin Code §§ 8-101, *et. seq*, and 8-107(22) prohibits discrimination in the terms and conditions of employment and discharge of an employee based upon pregnancy.

58. In taking the above described discriminatory actions, Defendants acted with malice and reckless indifference to Plaintiff's rights under the NYC Human Rights Law.

59. Ms. Araujo has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

60. Ms. Araujo is entitled to damages as a result of Defendants' unlawful acts including past and future lost wages and benefits, damages to compensate her for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

**THIRD CAUSE OF ACTION: RETALIATION FOR EXERCISE OF FMLA RIGHTS**

61. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

62. Ms. Araujo put Defendants on notice of her need for leave under the Family and Medical Leave Act, for which she was qualified, on December 7, 2017.

63. Defendants violated the FMLA when they failed to advise Ms. Araujo that she was on FMLA leave and on what date her FMLA leave would end.

64. Defendants terminated Ms. Araujo's employment in retaliation for exercising her rights under the FMLA.

65. Plaintiff has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress,

9

humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

66. Ms. Araujo is entitled to damages as a result of Defendants' unlawful acts, including but not limited to, past and future loss of wages and benefits, liquidated damages, and reasonable attorneys' fees and costs of this action.

**FOURTH CAUSE OF ACTION: DISABILITY DISCRIMINATION UNDER THE ADA**

67. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

68. Plaintiff suffered from a disability that is covered by the ADA.

69. Defendants knew of Plaintiff's disability prior to her firing.

70. Defendants discriminated against Plaintiff on the basis of her disability, in violation of the ADA, by failing to offer Plaintiff a reasonable accommodation for her disability and by terminating Plaintiff's employment because of her disability.

71. Plaintiff has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

72. Ms. Araujo is entitled to damages as a result of Defendants' unlawful acts including past and future lost wages and benefits, damages to compensate her for past and future physical and emotional distress, punitive damages, reasonable attorneys' fees and costs of this action, and pre-judgment interest.

**FIFTH CAUSE OF ACTION: ADA RETALIATION**

73. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

74. In violation of the ADA, Defendants unlawfully retaliated against Ms. Araujo by

terminating her when she requested to add her newborn to her insurance policy.

75. In taking the above described discriminatory actions, Defendants acted with malice and reckless indifference to Plaintiff's rights under anti-retaliation provision of Title VII and the Pregnancy Discrimination Act.

76. Plaintiff has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

### SIXTH CAUSE OF ACTION: VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW
**(Sex Discrimination)**

77. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

78. In violation of the NYCHRL, Defendants discriminated against Plaintiff on the basis of her sex and pregnancy when they fired her.

79. In taking the above described discriminatory actions, Defendants acted with malice and reckless indifference to Plaintiff's rights under the NYCHRL.

80. Plaintiff has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' discriminatory practices.

### SIXTH CAUSE OF ACTION: VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW
**(Pregnancy Discrimination: Failure to Accommodate)**

81. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

82. In violation of the NYCHRL, Defendants discriminated against Plaintiff on the

11

basis of her sex and pregnancy when they fired her.

83. In violation of the NYCHRL, Defendants discriminated against Plaintiff when they refused to offer her reasonable accommodations for her pregnancy which would allow her to satisfy the essential requisites of her job.

84. In taking the above described discriminatory actions, Defendants acted with malice and reckless indifference to Plaintiff's rights under the NYCHRL.

85. Plaintiff has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' discriminatory practices.

### SEVENTH CAUSE OF ACTION: VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW
**(Pregnancy Discrimination: Retaliation)**

86. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

87. In violation of the NYCHRL, Defendants unlawfully retaliated against Plaintiff by terminating her after she repeatedly requested a reasonable accommodation for her pregnancy-related symptoms which would allow her to satisfy the essential requisites of her job.

88. In taking the above described discriminatory actions, Defendants acted with malice and reckless indifference to Plaintiff's rights under the anti-retaliation provision of the NYCHRL.

89. Plaintiff has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

**EIGHTH CAUSE OF ACTION: VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW**
**(Disability Discrimination: Failure to Accommodate)**

90. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

91. Plaintiff suffered from a disability that is covered by the NYCHRL.

92. Defendants knew of Plaintiff's disability prior to her firing.

93. Defendants failed to engage in a good faith interactive process with Ms. Araujo after she requested a reasonable accommodation.

94. Defendants discriminated against Plaintiff on the basis of her disability, in violation of the NYCHRL, by failing to offer Plaintiff a reasonable accommodation for her disability and by terminating Plaintiff's employment because of her disability.

95. Plaintiff has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

**NINTH CAUSE OF ACTION: VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW**
**(Disability Discrimination)**

96. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

97. Plaintiff suffered from a disability that is covered by the NYCHRL.

98. Defendants knew of Plaintiff's disability prior to her firing.

99. Defendants discriminated against Plaintiff on the basis of her disability, in violation of the NYCHRL, by firing her.

100. Plaintiff has lost wages, promotional opportunities and other benefits and

compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

### TENTH CAUSE OF ACTION: VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW
**(Disability Discrimination: Retaliation)**

101. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

102. In violation of the NYCHRL, Defendants unlawfully retaliated against Plaintiff by terminating her after she repeatedly requested a reasonable accommodation for her pregnancy-related symptoms which would allow her to satisfy the essential requisites of her job.

103. In taking the above described discriminatory actions, Defendants acted with malice and reckless indifference to Plaintiff's rights under the anti-retaliation provision of the NYCHRL.

104. Plaintiff has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

### ELEVENTH CAUSE OF ACTION: VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Pay Overtime Compensation)**

105. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

106. In violation of the FLSA, Defendants failed to pay Ms. Araujo overtime wages during the entire tenure of her employment.

107. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half

times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

108. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to an employee affected in the amount of her unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). At all relevant times, Urban American had gross operating revenues in excess of $500,000.00.

109. Defendants' unlawful misclassification of Ms. Araujo as an exempt employee resulted in non-payment of wages earned from 2009 – 2015.

110. The FLSA requires covered employers like Defendants to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours each week.

111. Despite Ms. Araujo's working 50 hours per week in the low rental season and 60 hours per week in the high rental season, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay Ms. Araujo overtime compensation.

112. By failing to accurately report, record and/or preserve records of hours worked by Ms. Araujo, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA.

113. Ms. Araujo has lost wages, promotional opportunities and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

114. In addition to the wages lost, Ms. Araujo also seeks pre-judgment interest, post-judgment interest, and recovery of her reasonable attorneys' fees and costs incurred in this action.

**TWELFTH CAUSE OF ACTION:  VIOLATION OF NEW YORK LABOR LAW**
**(Failure to Pay Overtime Compensation)**

115.   Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

116.   Urban American, Eisenberg, P. Eisenberg and Valdes willfully and intentionally failed to compensate Ms. Araujo the applicable minimum hourly wage, including overtime pay, in violation of New York Labor Law §§ 650 *et seq*. and supporting regulations and orders of the New York State Department of Labor.

117.   Urban American, Eisenberg, P. Eisenberg and Valdes failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Ms. Araujo.

118.   Pursuant to New York Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay overtime required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to twenty-five percent of the total of such under-payments found to be due the employee.

119.   Because of Urban American's, Eisenberg's, P. Eisenberg's and Valdes' willful violation of the New York Labor Law, Ms. Araujo is entitled to recover from Defendants, jointly and severally, her unpaid overtime compensation, and liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment and post-judgment interest, all in an amount to be determined at trial.

**THIRTEENTH CAUSE OF ACTION:  VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Failure to Pay Straight-Time Wages)**

120.   Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein

121.   Urban American, Eisenberg, P. Eisenberg and Valdes willfully and intentionally

failed to compensate Ms. Araujo the applicable minimum hourly wage for her hours worked during the week of December 7, 2015, in violation of 29 U.S.C. § 201 *et seq*.

122.  Urban American, Eisenberg, P. Eisenberg and Valdes have failed to make a good-faith effort to compensate Ms. Araujo appropriately under the law.

123.  Due to Urban American's, Eisenberg's, P. Eisenberg's and Valdes' violations of the FLSA, Ms. Araujo is entitled to recover from Defendants, jointly and severally, her unpaid minimum wage, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial.  29 U.S.C. § 216(b).

### FOURTEENTH CAUSE OF ACTION:  FAILURE TO PAY NEW YORK STATE MINIMUM WAGES
**(Failure to pay straight-time wages)**

124.  Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

125.  Urban American, Eisenberg, P. Eisenberg and Valdes willfully and intentionally failed to compensate Ms. Araujo the applicable minimum hourly wage, in violation of New York Labor Law § 650 *et seq*. and supporting regulations and orders of the New York State Department of Labor for the week beginning December 7, 2016.

126.  Urban American, Eisenberg, P. Eisenberg and Valdes have failed to make a good faith effort to comply with New York Labor Law with respect to compensation of Ms. Araujo.

127.  Pursuant to New York Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay wages required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to twenty-five percent of the total of such under-payments found to be due the employee.

128. Because of Urban American's, Eisenberg's, P. Eisenberg's and Valdes' willful violation of the New York Labor Law, Ms. Araujo is entitled to recover from Defendants, jointly and severally, her unpaid straight-time compensation, and liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, and post-judgment interest, all in an amount to be determined at trial.

### FIFTEENTH CAUSE OF ACTION:  NEW YORK STATE NOTICE VIOLATION
**(Failure to provide Ms. Araujo notices regarding wages and sick pay)**

129. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

130. Defendants Urban American, Eisenberg, P. Eisenberg and Valdes intentionally failed to provide notice to employees in violation of New York Labor Law § 195.

131. Defendants Urban American, Eisenberg, P. Eisenberg and Valdes failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Ms. Araujo.

132. Due to Defendants Urban American's, Eisenberg's, P. Eisenberg's and Valdes' violations of New York Labor Law regarding wage notices, Ms. Araujo is entitled to recover from Defendants, jointly and severally, $100 a week for each week of the violation together with costs and attorneys' fees pursuant to New York Labor Law.  N.Y. Lab. Law § 198.

133. Due to Defendants Urban American's, Eisenberg's, P. Eisenberg's and Valdes' violations of New York Labor Law regarding wage statement, Ms. Araujo is entitled to recover from Defendants, jointly and severally, $250 a week for each week of the violation together with costs and attorneys' fees pursuant to New York Labor Law.  N.Y. Lab. Law § 198.

134. Due to Defendants Urban American's, Eisenberg's, P. Eisenberg's and Valdes' violations of New York Labor Law regarding a termination notice, Ms. Araujo is entitled to recover

from Defendants, jointly and severally, $1000 together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198.

135. Due to Defendants Urban American's, Eisenberg's, P. Eisenberg's and Valdes' violations of New York Labor Law regarding sick leave notices, Ms. Araujo is entitled to recover from Defendants, jointly and severally, $50 together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law § 198.

### SIXTEENTH CAUSE OF ACTION: FAILURE TO REIMBURSE OUT OF POCKET BUSINESS EXPENSES

136. Plaintiff repeats and re-alleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

137. Defendants failed to reimburse Ms. Araujo for out of pocket business expenses that they were required to pay, including transportation expenses, and failed to reimburse Ms. Araujo for mileage and business-related use of her personal cell phone at amounts proportionate to her business-related use.

138. Ms. Araujo is, therefore, entitled to reimbursement of her expenses, plus pre-judgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. Directing Defendants to make Ms. Araujo whole for all earnings and other benefits she would have received but for Defendants' unlawful conduct, including but not limited to wages, commissions, other lost benefits, loss of good will, and interest thereon;

b. Awarding Ms. Araujo compensation for s Defendants' failure to comply with the wage notice requirement of the New York Labor Law;

c. Awarding Ms. Araujo compensation for Defendants' failure to comply with the wage statement requirement of the New York Labor Law;

d. Awarding Ms. Araujo compensation for Defendants' failure to comply with her sick pay notice rights as required by the New York Labor Law;

e. Awarding Ms. Araujo compensation for Defendants' failure to reimburse her out of pocket expenses incurred on Defendants' behalf;

f. Awarding Ms. Araujo the costs of this action together with reasonable attorney fees;

g. Directing Defendants to pay statutory and punitive damages; and,

h. Granting such other relief as this Court deems necessary and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully demands that this proceeding be tried to a jury.

Dated: New York, New York
July 24, 2017

Respectfully submitted,
 /s/ Rania V. Sedhom
Rania V. Sedhom
Ginger Mimier
Sedhom Law Group, PLLC
750 Third Avenue, 9th Floor
New York, NY 10017
212-549-1819
*Attorneys for Plaintiff Barbara Araujo*